Filed 5/26/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G058172 |
| v. | (Super. Ct. No. 96NF3094) |
| MANUEL DE JESUS PRADO, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Lance Jensen, Judge. Reversed and remanded. Request for judicial notice granted.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Todd Spitzer, District Attorney, and Seton B. Hunt, Deputy District Attorney, for Plaintiff and Respondent.

Xavier Becerra, Attorney General, Thomas S. Patterson, Assistant Attorney General, Tamar Pachter and Nelson R. Richards, Deputy Attorneys General, as Amicus Curiae on behalf of Defendant and Appellant.

\*         \*         \*

This is an appeal from an order denying a defendant's petition to dismiss a murder conviction. (Pen. Code, § 1170.95.)[1]

In California, statutes can be described as initiative statutes, legislative statutes, or referendum statutes. An initiative statute is a statute enacted by the electorate. A legislative statute is a statute enacted by the Legislature. A referendum statute is a statute that was first proposed by the Legislature, then approved by the electorate.

To protect the people's initiative power, the Legislature is constitutionally prohibited from amending or repealing an *initiative statute* without the approval of the electorate (unless the initiative statute provides otherwise): "The Legislature may amend or repeal an *initiative statute* by another statute that becomes effective only when approved by the electors unless the *initiative statute* permits amendment or repeal without the electors' approval." (Cal. Const., art. II, § 10, subd. (c), italics added.)[2]

In 2018, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437). The bill amended sections 188 and 189, which respectively define malice and the degrees of murder. As amended, the two statutes substantially reduced the scope of an accomplice's liability for murder. Senate Bill 1437 also enacted section 1170.95, which allows eligible persons convicted of murder to petition for relief.

Here, defendant Manuel De Jesus Prado filed a section 1170.95 petition. He stated that he was convicted of murder and is entitled to a dismissal because of the Legislature's amendments to sections 188 and 189. The court denied defendant's petition, finding the Legislature violated the constitutional limitation on amending or repealing initiative statutes when it passed Senate Bill 1437. We disagree.

---

[1] Further undesignated statutory references are to the Penal Code.

[2] Further undesignated constitutional references are to the California Constitution.

Sections 188 and 189 were enacted by the Legislature; ergo, sections 188 and 189 are *legislative statutes*. The Legislature did not violate the constitutional limitation on amending *initiative statutes* when it passed Senate Bill 1437 and amended sections 188 and 189 because they are not *initiative statutes*.

Section 1170.95 is a new statute that establishes a procedure for eligible defendants convicted of murder to petition for relief. The Legislature did not violate the constitutional limitation on amending or repealing an *initiative statute* when it passed Senate Bill 1437 and enacted section 1170.95 because it is itself a *legislative statute* that neither amends nor repeals any other statute.

Thus, we reverse the trial court's denial of defendant's section 1170.95 petition. On remand, the court is to consider defendant's petition on its merits.

I

PROCEDURAL BACKGROUND

In 1999, a jury found defendant guilty of first degree murder. The jury also found true an allegation that defendant was vicariously armed. The trial court sentenced defendant to an aggregate prison term of life without the possibility of parole.

In 2019, defendant filed a section 1170.95 petition. Defendant averred, "I could not now be convicted of 1st or 2nd degree murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019."

The prosecution filed a response. The prosecution argued "Senate Bill 1437 violates the California Constitution." In the alternative, the prosecution argued under section 1170.95, defendant "is statutorily ineligible." [3]

---

[3] The "prosecution" is the Orange County District Attorney, who is the respondent on appeal (the Attorney General filed an amicus brief in support of defendant). We grant the prosecution's request for judicial notice of several relevant documents.

The trial court filed an order denying defendant's section 1170.95 petition. The court found, "Senate Bill 1437 is unconstitutional."

## II

## DISCUSSION

Defendant contends the trial court erred when it found Senate Bill 1437 violated the constitutional limitation on amending or repealing an initiative statute. (Art. II, § 10, subd. (c).)  We agree.

A trial court's ruling on the constitutionality of a legislative act is a pure question of law, therefore our review is de novo.  (*Gardner v. Schwarzenegger* (2009) 178 Cal.App.4th 1366, 1374.)

While we exercise independent judgment, we also begin with a well-established presumption that the Legislature did not violate the Constitution.  (*California Housing Finance Agency v. Elliott* (1976) 17 Cal.3d 575, 594.)  "In considering the constitutionality of a legislative act we presume its validity, resolving all doubts in favor of the Act.  Unless conflict with a provision of the state or federal Constitution is clear and unquestionable, we must uphold the Act.  [Citations.]  Thus, wherever possible, we will interpret a statute as consistent with applicable constitutional provisions, seeking to harmonize Constitution and statute."  (*Ibid*.)

In this discussion we will:  (A) consider the constitutional limitation on the Legislature's authority to amend or repeal an initiative statute; (B) examine Senate Bill 1437, which amended two statutes concerning accomplice liability for murder (§§ 188, 189), and enacted a new statute allowing eligible persons convicted of murder to petition for dismissal and resentencing (§ 1170.95); and (C) analyze whether Senate Bill 1437 violated the California Constitution.

*A. The California Constitution prohibits the Legislature from amending or repealing an initiative statute unless the initiative statute provides otherwise.*

In California, the power to enact legislation is shared between the Legislature and the people. "The legislative power of this State is vested in the California Legislature which consists of the Senate and Assembly, but the people reserve to themselves the powers of initiative and referendum." (Art. IV, § 1.) Generally, a referendum allows the electorate to approve or reject a statute before it becomes law. (Art. II, § 9.) "The initiative is the power of the electors to propose statutes and amendments to the Constitution and to adopt or reject them." (Art. II, § 8, subd. (a).)

A statute is either a legislative statute, a referendum statute, or an initiative statute, depending on how it was enacted. (See *People v. Kelly* (2010) 47 Cal.4th 1008, 1023 & fn. 15, 1027 (*Kelly*).) The Legislature can freely amend or repeal a legislative statute or a referendum statute, but it is limited as to initiative statutes: "The Legislature may amend or repeal an *initiative statute* by another statute that becomes effective only when approved by the electors unless the *initiative statute* permits amendment or repeal without the electors' approval." (Art. II, § 10, subd. (c), italics added.)

An amendment occurs when a statute is changed. (*Kelly*, *supra*, 47 Cal.4th at pp. 1026-1027, fn. 18 [an act that "'adds to or takes away from an existing statute is considered an amendment'"].) A statute must be reenacted in full if any part of it is amended. (Art. IV, § 9.) However, when "a section or part of a statute is amended, it is not to be considered as having been repealed and reenacted in the amended form. The portions that are not altered are to be considered as having been the law from the time when those provisions were enacted; the new provisions are to be considered as having been enacted at the time of the amendment . . . ." (Gov. Code, § 9605; see *County of San Diego v. Commission on State Mandates* (2018) 6 Cal.5th 196, 209-210 ["""The portions of the amended section which are copied without change are not to be considered as [having been] repealed and again re-enacted, but to have been the law all along"""].)

5

A repeal occurs when an existing statute is revoked. (*California Redevelopment Assn. v. Matosantos* (2011) 53 Cal.4th 231, 255 ["A corollary of the legislative power to make new laws is the power to abrogate existing ones"].) Generally, a statute must be repealed explicitly (either by the Legislature or by the electorate through an initiative measure). (See *City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1232 ["Repeal of legislative acts by implication is disfavored, and all presumptions are against a repeal by implication"]; *Courtesy Ambulance Service v. Superior Court* (1992) 8 Cal.App.4th 1504, 1518 ["Our holding has nothing to do with repeal by implication; the repeal is explicit on the face of the statute"].)

The constitutional limitation on the authority to amend or repeal initiative statutes prevents the Legislature from interfering with the power of the people to propose and enact legislation. (*Professional Engineers in California Government v. Kempton* (2007) 40 Cal.4th 1016, 1042.) The limitation safeguards "the people's initiative powers by precluding the Legislature from undoing what the people have done, without the electorate's consent." (*Huening v. Eu* (1991) 231 Cal.App.3d 766, 781.)

If the Legislature amends or repeals an initiative statute without the approval of the electorate, or otherwise violates the constitutional limitation, the legislative act "is in contravention of the Constitution and hence void." (*Franchise Tax Bd. v. Cory* (1978) 80 Cal.App.3d 772, 776; see, e.g., *Proposition 103 Enforcement Project v. Quackenbush* (1998) 64 Cal.App.4th 1473, 1486-1487 [legislative statute that reduced insurers' rate-rollback obligations was void because it impermissibly amended several insurance reform initiative statutes (Ins. Code, § 1861.01 et seq.)]; *Huening v. Eu*, *supra*, 231 Cal.App.3d at p. 779 [legislative statute that governed ballot arguments was void because it impermissibly amended the Political Reform Act (Gov. Code, § 83100 et seq.), which had been enacted through an initiative measure].)

To illustrate, the Supreme Court voided part of a legislative statute that regulated medical marijuana because it impermissibly amended an earlier initiative

6

statute that also regulated medical marijuana.  (*Kelly*, *supra*, 47 Cal.4th 1008.)  In 1996, the electorate enacted Health and Safety Code section 11362.5, which allowed persons to possess a quantity of marijuana reasonably related to their medical needs (an initiative statute as part of the Compassionate Use Act).  (*Kelly*, at pp. 1027-1028.)  But in 2003, the Legislature—without voter approval—enacted Health and Safety Code section 11362.77, which imposed quantity limitations on medical marijuana (a legislative statute as part of the Medical Marijuana Program).  (*Kelly*, at pp. 1012-1014.)  The Court voided the later legislative statute to the extent it amended the earlier initiative statute because the Legislature had violated the constitutional limitation on amending or repealing an initiative statute without voter approval.  (Art. II, § 10, subd. (c); *Kelly*, at p. 1012.)

*B. Senate Bill 1437 amended sections 188 and 189, which limited the scope of accomplice liability for murder, and enacted section 1170.95, which allows eligible accomplices to petition for relief from their murder convictions.*

Generally, a murder is an unlawful killing that includes the element of malice:  "Murder is the unlawful killing of a human being, or a fetus, with malice aforethought."  (§ 187, subd. (a).)  Nevertheless, under the former felony-murder rule a defendant could be convicted of murder without a finding of malice if a victim was killed during an underlying "predicate" felony.[4]  (See CALCRIM No. 540A ["A person may be guilty of felony murder even if the killing was unintentional, accidental or negligent"].)

A defendant may also be convicted of murder (or other crimes) as a direct perpetrator or as an aider and abettor.  (§ 31.)  An aider and abettor can be held liable for crimes that were intentionally aided and abetted (target offenses); generally, an aider and abettor can also be held liable for any crimes that were unintentional but were reasonably foreseeable (nontarget offenses).  (*People v. Laster* (1997) 52 Cal.App.4th 1450, 1462.)

---

[4] The predicate felonies are currently "arson, rape, carjacking, robbery, burglary, mayhem, kidnapping, train wrecking," torture, sodomy, a lewd or lascivious act upon a child, forcible oral copulation, and forcible sexual penetration.  (§ 189, subd. (a).)

Liability for intentional, target offenses is known as "direct" aider and abettor liability; liability for unintentional, nontarget offenses is known as the "'"natural and probable consequences" doctrine.'" (*People v. Montes* (1999) 74 Cal.App.4th 1050, 1055.)

Effective January 1, 2019, the Legislature passed Senate Bill 1437 to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Through the passage of Senate Bill 1437 the Legislature effectively eliminated the natural and probable consequences doctrine as it relates to murder convictions, and reduced the scope of the felony-murder rule. To effectuate these changes, the Legislature amended sections 188 and 189, and added section 1170.95.

*1. Section 188* (*Malice Aforethought*)

Section 188 defines malice, which is an element of the crime of murder. In 1872, the Legislature enacted section 188 as part of the initial codification of laws in California. (See Kleps, *The Revision and Codification of Cal. Statutes 1849-1953* (1954) 42 Cal. L.Rev. 766, 774.) Prior to the passage of Senate Bill 1437, the Legislature had amended section 188 only two times. (Stats.1981, ch. 404, p. 1593, § 6; Stats.1982, ch. 893, § 4.) The electorate has never amended section 188 through an initiative measure. The electorate has never repealed and reenacted section 188 in an amended form.

Prior to Senate Bill 1437, former section 188 provided: "[M]alice may be express or implied. It is express when there is manifested a deliberate intention unlawfully to take away the life of a fellow creature. It is implied, when no considerable provocation appears, or when the circumstances attending the killing show an abandoned and malignant heart. [¶] When it is shown that the killing resulted from the intentional

8

doing of an act with express or implied malice as defined above, no other mental state need be shown to establish the mental state of malice aforethought."

The Legislature added the following language to section 188: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).)[5]


### 2. *Section 189* (*Murder Degrees and Felony Murder*)

Section 189 classifies murders into two degrees (first or second) and lists the predicate felonies for the crime of first degree felony murder. Section 189 was also enacted by the Legislature in 1872. Prior to passing Senate Bill 1437, the Legislature had amended section 189 numerous times. The electorate has amended section 189 only once. (Initiative Measure (Prop. 115), approved June 5, 1990, eff. June 6, 1990.) Through Proposition 115, the electorate amended section 189 by adding six offenses to the then existing list of five predicate felonies. The electorate has never repealed and reenacted section 189 in an amended form.

Prior to Senate Bill 1437, former section 189 provided: "All murder which is perpetrated by means of a destructive device or explosive, a weapon of mass destruction, knowing use of ammunition designed primarily to penetrate metal or armor, poison, lying in wait, torture, or by any other kind of willful, deliberate, and premeditated killing, or which is committed in the perpetration of, or attempt to perpetrate, arson, rape, carjacking, robbery, burglary, mayhem, kidnapping, train wrecking, or any act punishable under Section 206 [torture], 286 [sodomy], 288 [lewd or lascivious act against a child], 288a [unlawful oral copulation], or 289 [unlawful sexual penetration], or any murder which is perpetrated by means of discharging a firearm from a motor vehicle,

---

[5] Senate Bill 1437 also made minor grammatical changes to section 188 and separated its provisions into sequential subdivisions and subsections.

intentionally at another person outside of the vehicle with the intent to inflict death, is murder of the first degree. All other kinds of murders are of the second degree."

The Legislature added the following language to section 189: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life . . . ." (§ 189, subd. (e).)[6]

### 3. *Section 1170.95* (*Petition to Vacate Murder Conviction*)

When the Legislature passed Senate Bill 1437, it also added a new statute. Section 1170.95 establishes a procedure whereby an eligible defendant can seek to dismiss his or her murder conviction (and be resentenced on any remaining charges), if the defendant was convicted under an accomplice liability theory that is no longer valid (the former felony-murder rule or the natural and probable consequences doctrine). (Stats. 2018, ch. 1015, § 4, eff. Jan. 1, 2019.)

Section 1170.95 designates: the threshold requirements for relief; the requirements of the petition; and the procedures to be followed.

The threshold requirements for relief are: "(a) A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced . . . when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that

---

[6] Senate Bill 1437 also made minor grammatical changes to section 189 and separated its various provisions into sequential subdivisions and subsections.

10

allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes . . . made effective January 1, 2019." (§ 1170.95, subd. (a).)

The requirements of the petition are: "(b)(1) The petition shall be filed with the court that sentenced the petitioner and served by the petitioner on the district attorney . . . , and on the attorney who represented the petitioner in the . . . county where the petitioner was convicted. . . . The petition shall include all of the following: [¶] (A) A declaration by the petitioner that he or she is eligible for relief under this section, based on all the requirements of subdivision (a). [¶] (B) The . . . court case number and year of the petitioner's conviction. [¶] (C) Whether the petitioner requests the appointment of counsel." (§ 1170.95, subd. (b).)

The procedures to be followed are: "(c) The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause. [¶] (d)(1) Within 60 days after the order to show cause has issued, the court shall hold a hearing to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner . . . . [¶] (2) The parties may waive a resentencing hearing and stipulate that the petitioner is eligible to have his or her murder conviction vacated . . . . [¶] (3) At the hearing . . . , the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing. If the prosecution fails to sustain its burden . . . the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges." (§ 1170.95, subds. (c) & (d).)

11

*C.  The Legislature did not violate the California Constitution because Senate Bill 1437 neither amended nor repealed any initiative statutes.*

Again, the Legislature is generally prohibited from amending or repealing an *initiative statute* without the approval of the electorate.  (Art. II, § 10, subd. (c).)  Here, the Legislature passed Senate Bill 1437, which amended sections 188 and 189, and enacted section 1170.95.  Accordingly, the analysis in this case turns on whether section 188 is an initiative statute, whether section 189 is an initiative statute, and whether section 1170.95 amended or repealed an initiative statute.

Section 188 was enacted by the Legislature in 1872.  The Legislature has since amended the statute a few times, but the electorate has never amended section 188.  The electorate has also never repealed and reenacted section 188.  (See Gov. Code, § 9605 [when "a section or part of a statute is amended, it is not to be considered as having been repealed and reenacted in the amended form"].)  Therefore, section 188 was from its enactment—and remains—a legislative statute.

Section 189 was also enacted by the Legislature in 1872.  The Legislature has since amended the statute several times, but the electorate has amended section 189 only once.  In 1990, the electorate approved Proposition 115, which was a major reform in criminal law that amended, repealed, and added several statutes (and constitutional provisions).  However, the amendment to section 189 was minor; the electorate added six "predicate" offenses to the existing list that establishes liability for first degree felony murder.  Notably, the electorate did not repeal and reenact section 189 in its amended form.  (See Gov. Code, § 9605; see also *County of San Diego v. Commission on State Mandates*, *supra*, 6 Cal.5th at pp. 209-210 [""""The portions of the amended section which are copied without change are not to be considered as [having been] repealed and

12

again re-enacted, but to have been the law all along""".) Therefore, section 189 was from its enactment—and remains—a legislative statute.[7]

Section 1170.95 is a new statute enacted by the Legislature as part of Senate Bill 1437. Section 1170.95 allows an eligible defendant convicted of murder to petition for a dismissal of his or her murder conviction, and to be resentenced on any remaining charges. As we have seen, section 1170.95 designates the threshold requirements for relief, the specific requirements of the petition, and the procedures to be followed. That is the entire extent of section 1170.95.

In sum, we find that the Legislature did not violate the constitutional limitation on amending or repealing an initiative statute. (Art. II, § 10, subd. (c).) Senate Bill 1437 amended sections 188 and 189, which are not initiative statutes. Senate Bill 1437 also enacted section 1170.95, which is itself a legislative statute that neither amended nor repealed any initiative statutes (nor any other statutes for that matter).

Thus, we reverse the ruling of the trial court. On remand, the court is to consider defendant's section 1170.95 petition on its merits.

D. *The prosecution's arguments are not persuasive.*

The prosecution argues: "In 1978, California voters passed Proposition 7 and set the penalty for committing first degree and second degree murder. In 1990, California voters passed Proposition 115 which added crimes eligible for felony murder liability. Senate Bill No. 1437 is an unlawful intrusion into the voters' right via initiative to set the elements and the penalties for crimes. The power of the people via initiative has supreme authority over that of the Legislature." We disagree.

---

[7] By comparison, Proposition 115 specifically repealed and reenacted section 223 of the Code of Civil Procedure in an amended form (concerning the examination of prospective jurors in a criminal case). Therefore, that statute would now be properly classified as an *initiative statute* subject to the constitutional limitation. (Art. II, § 10, subd. (c).)

13

The prosecution overstates the initiative authority of the electorate, relative to the legislative authority of the Legislature.  One is not "supreme" over the other, each has the authority to enact statutes.  (See Art. IV, § 1; see also *Santa Clara County Local Transportation Authority v. Guardino* (1995) 11 Cal.4th 220, 253 [the power of the electorate "is generally coextensive with the power of the Legislature to enact statutes"].)

As we have discussed, the constitutional limitation on the Legislature's authority is narrow.  The Legislature is simply prevented from amending or repealing an *initiative statute* without the approval of the electorate unless the initiative statute provides otherwise.  (Art. II, § 10, subd. (c).)  And as we have analyzed, Senate Bill 1437 amended only two legislative statutes (sections 188 and 189), and repealed no statutes whatsoever, so this narrow constitutional limitation does not apply.

The prosecution is essentially arguing that Senate Bill 1437 *impliedly* amended Proposition 7 and Proposition 115.  The prosecution is mistaken.

We need not repeat at length the cogent analysis of the other appellate panels that have uniformly rejected this same argument.  In short, Proposition 7 increased the *punishment* for murder, while Senate Bill 1437 amended the *elements* of murder to establish accomplice liability.  Further, Proposition 115 added to the list of predicate offenses for felony murder, while Senate Bill 1437 did not affect any of the predicate felonies.  (See *People v. Cruz* (2020) 46 Cal.App.5th 740, 747 ["the Legislature's enactment of Senate Bill 1437 has not undone what the voters accomplished with Proposition 7 or Proposition 115 and therefore the legislation does not violate the constitution"]; *People v. Solis* (2020) 46 Cal.App.5th 762 [Senate Bill 1437 did not amend Proposition 7 or Proposition 115]; *People v. Superior Court* (*Gooden*) (2019) 42 Cal.App.5th 270 [same]; *People v. Lamoureux* (2019) 42 Cal.App.5th 241 [same].)

In conclusion, the Legislature did not violate the constitutional limitation on amending or repealing an initiative statute when it passed Senate Bill 1437.

14

III

DISPOSITION

The trial court's order denying defendant's petition for resentencing is reversed.  The matter is remanded to the court for further proceedings on the merits of defendant's petition under section 1170.95.


MOORE, ACTING P. J.

WE CONCUR:


IKOLA, J.


THOMPSON, J.